**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re: ELIZABETH LOUISE BROWN, | ) | Case No. 09-61325-LYN |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ELIZABETH LOUISE BROWN, | ) | Adv. No. 09-06051 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRADLEY LAW FIRM, P.C. | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

**MEMORANDUM**

This matter comes before the court on a complaint by the debtor to avoid the judgment lien of Bradley Law Firm, P.C.

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as

1

required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

On April 28, 2009, the Debtor filed the above-styled petition. The Debtor scheduled real property, her residence, at a fair market value of $165,000.00. She provided a Broker's Price Opinion that set the value of the Real Property between $163,300.00 and $168,200.00. Bradley Law Firm, P.C., provided an appraisal that fixed the value of the property at $198,000.00. Both the Broker's Price Opinion and the Appraisal were supported by testimony of experts.

The real property secures a consensual lien in the amount of $179,076.00. The Debtor claimed the real property exempt in the amount of $1.00. There is a judgment lien in favor of Bradley Law Firm in the amount of $17,557.38 that attaches to the real property.

On January 29, 2008, the Debtor filed a complaint seeking to avoid the judgment lien of Bradley Law Firm, P.C. The complaint was brought under 11 U.S.C. § 506, but the facts pleaded formed the basis for a cause of action under 11 U.S.C. §§ 522(f)(1)(A).

*Discussion.*

After due consideration, the Court valued the property at $180,000.00.

Section 522(f)(1)(A) provides:

> (f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);

Section 522(f)(2)(A) provides the manner by which it is to be determined whether a lien impairs an exemption.

2

>    (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of–
>        (I) the lien;
>        (ii) all other liens on the property; and
>        (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>    exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Added together, the judgment lien amount and the consensual lien amount and the exemption amount total $196,634.38 ( = $17,557.38 + $179,076.00 + $1.00). This amount is exceeds the value of the property by $16,634.38 ( = $196,634.38 - $180,000.00). The judgment lien impairs the exemption to this extent and may be avoided to this extent.   The amount of the lien remaining is $923.00.

The lien of Bradley Law Firm, P.C. is void and shall be of no effect during the pendency of this case under chapter 13, except to the extent of $923.00.   The claim of Bradley Law Firm, P.C. shall be allowed as a secured claim in the amount of $923.00 and shall be allowed as an unsecured claim in the amount of $16,634.38.   The claim of Bradley Law Firm, P.C. shall be treated accordingly under the Debtor's chapter 13 plan.  The lien shall be void for all other purposes when and if the Debtor completes her performance as required by the confirmed chapter 13 plan.

The Debtor shall *not* file the judgment with the Clerk of the Court for the Circuit Court of Orange County *until* the Debtor has completed her performance as required under the chapter 13 plan and has received her order of discharge.  Upon receipt of the order of discharge in this case, the Debtor may file a copy of the judgment with the Clerk of the Court for the Circuit Court of Orange County.  The Debtor shall also, at that time, file a copy of her order of discharge with the Clerk of the Court for the Circuit Court of Orange County.

An appropriate judgment shall issue.

Upon entry of this Memorandum the Clerk shall forward a copy to Marshall Moore Slayton, Esq., Larry L. Miller, Esq. and the chapter 13 trustee.

Entered on this  2nd  day of October, 2009.

_____
William E. Anderson
United States Bankruptcy Judge

4